IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**ROBERT DALE PIERSON, JR.**, *Individually,*
*and on behalf of himself and other similarly*
*situated current and former employees*,

    Plaintiff,

v.    NO. _____

**NATIONAL HEALTHCARE CORPORATION**,
*a Delaware Corporation,*    **FLSA Opt-In Collective Action**
    **JURY DEMANDED**

    Defendant.

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff Robert Dale Pierson, Jr. ("Plaintiff"), individually, and on behalf of himself and all other similarly situated, brings this action alleging violations of the Fair Labor Standards Act (hereafter "FLSA") of 1938, 29 U.S.C. § 201 *et seq,* including collective claims for unpaid overtime and individual claims for retaliation against National HealthCare Corporation ("Defendant") and shows as follows:

### I.  INTRODUCTION

1. The FLSA was passed in 1938. The FLSA exists to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739 (1981). The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum wage on time may be so detrimental to the maintenance of minimum standard of living necessary for health, efficiency, and

1

general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of the worker to that minimum standard of well-being. *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707-08(1945).

2. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated current and former employees as defined herein.

3. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

4. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

5. Defendant National HealthCare Corporation is a Delaware for-profit corporation, with its principal address located at 100 East Vine Street, Murfreesboro, Tennessee 37130. Defendant currently operates seventy-five (75) skilled nursing centers, twenty-four (24) assisted living communities, a behavioral health hospital, five (5) retirement communities, thirty-four (34) homecare agencies and twenty-eight (28) hospice agencies. According to the Tennessee Secretary of State, Defendant may be served via its registered agent, National Registered Agents, Inc., 300 Montvue Road, Knoxville, Tennessee 37919-5546.

6. Defendant is a publicly traded company listed on the New York Stock Exchange. According to Defendant's 2021 Form 10-K, "National HealthCare Corporation, which we also refer to as NHC or the Company, began business in 1971. Our [NHC] principal business is the operation of skilled nursing facilities, assisted living facilities, independent living facilities, homecare and hospice agencies, and a behavioral health hospital. Our

[NHC] business activities include providing sub–acute and post–acute skilled nursing care, intermediate nursing care, rehabilitative care, memory and Alzheimer's care, senior living services, home health care services, hospice services, and behavioral health services. In addition, we [NHC] provide management services, accounting and financial services, as well as insurance services to third party operators of health care facilities. We [NHC] also own the real estate of 13 healthcare properties and lease these properties to third party operators. We [NHC] operate in 10 states, and our owned and leased properties are located in the Southeastern, Northeastern, and Midwestern parts of the United States."

7. Plaintiff Pierson was employed by Defendant as an hourly-paid non-exempt food and beverage worker in a Nashville area assisted living facility, located within this district at all times material to this collective action. Mr. Pierson's consent to join form is attached as *Exhibit A*.

### III. JURISDICTION AND VENUE

8. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq*.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant has conducted business in this district, is headquartered in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

### IV. CLASS DESCRIPTION

10. Plaintiff brings this collective action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid non-exempt food and beverage workers of Defendant National HealthCare Corporation who worked for at least 1 1

"full-time" week during the applicable limitation's period (*i.e.*, two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V. COVERAGE

11. At all times material to this action, Defendant has been the "employer" of Plaintiff and the class, as that term is defined by §203(d) of the FLSA.

12. At all times hereinafter mentioned, Plaintiff and the class have been "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times material to this action, Plaintiff and the class, as employees of Defendant, were engaged in commerce during all times material to this collective action.

## VI. FACTUAL ALLEGATIONS

16. Defendant is a medical and non-medical service provider to elderly adults and various third parties that serve elderly adults.

17. Defendant operates various senior assisted living facilities, and others similar operations.

18. Defendant established and administered the pay practices of Plaintiff and the class during the three (3) years preceding the filing of this collective action.

19. Plaintiff and collective members worked for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

20. At all times material, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and the class, which system involved a "clocking-in" and "clocking-out" process.

21. At all times material, Defendant has had a common plan, policy and practice of automatically "deducting" a 30-minute meal period during each work shift of Plaintiff and the class, regardless of whether they were fully relieved and/or, performed job duties, during such meal periods.

22. Given understaffing and the job duties and responsibilities of Plaintiff and the class, they were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such "deducted" 30-minute meal periods and not compensated at the applicable FLSA overtime compensation rates of pay by Defendant.

23. Defendant failed to "edit-in" Plaintiff's and the class's uncompensated 30-minute meal times into its time keeping system or, otherwise compensate them for such unpaid meal times, when they were not fully relieved of their job duties and/or, performed job duties, despite being aware of such work.

24. The unpaid "deducted" meal period claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

25. Defendant was aware it was not compensating Plaintiff and the class at the applicable FLSA overtime rates of pay for such unpaid meal break times within relevant weekly pay periods at all times material.

26. Defendant's common plan, de facto policy, and actual practice of not compensating Plaintiff and the class for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

27. Defendant's failure to compensate Plaintiff and the class for the time they performed job duties and/or, were not fully relieved of their job duties, during 30-minute unpaid meal periods was willful with reckless disregard to the FLSA overtime compensation requirements and, without a good faith basis.

28. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and the class in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

29. The net effect of Defendant's actions is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of Plaintiff and the class.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action on behalf of himself and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

31. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to

pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

32. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices.

33. Plaintiff and class members are similarly situated because their unpaid "deducted" meal break claims are unified by a common theory of Defendant's FLSA violations.

34. Defendant knew Plaintiff and the class performed compensable work and/or, were not fully relieved of their job duties, during automatically "deducted" 30-minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and the class of such overtime compensation.

35. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the class.

36. Defendant is liable to Plaintiff and the class under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

37. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

38. Plaintiff estimates there are over one-thousand putative members of the collective class.

The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

39. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, text message and by posting notice in Defendant's facilities.

40. Plaintiff's and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

41. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

42. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

43. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

44. Plaintiff and the class have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

45. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

46. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and the class for all hours worked in excess

of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

47. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

48. Defendant's actions were not in good faith.

49. The unpaid overtime claims of Plaintiff and the class are unified by a common theory of Defendant's FLSA violations.

50. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

51. Therefore, Defendant is liable to Plaintiff and class members for actual damages and liquidated damages, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered; and

j) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: June 27, 2022.                                Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*